```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
```

THOMAS GARVEY,

             Petitioner,

   -against-                                    02-CIV-4208(KMW)(KNF)
                                                            ORDER
GEORGE DUNCAN, Superintendent, Great
Meadow Correctional Facility, and ELLIOT
SPITZER, New York State Attorney General,

             Respondents.

```
---------------------------------------X
```

WOOD, U.S.D.J.:

**Overview**

Thomas Garvey petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on the admission at trial of identification evidence, which Garvey alleges violated his due process rights. Garvey was convicted of burglary of the residence of Violet McKenzie, in Bronx County, New York. McKenzie's home was robbed by two men on September 20, 1996 at around 4:30 in the morning. She saw the burglars as they fled, but, shortly following the break-in, was unable to give police a detailed description of them. Later that morning, McKenzie's neighbor apprehended Garvey, and called McKenzie over, claiming to have caught the burglar. McKenzie identified Garvey, and he was arrested. Garvey argues that the circumstances surrounding this identification were unduly suggestive and, as such, McKenzie's identification of him should have been suppressed.

1

On August 9, 2005, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation (the "Report"), familiarity with which is assumed, concluding that the petition was timely and that the issue was preserved for review, but recommending on the merits that Garvey's petition be dismissed. On August 17, 2005, respondents filed an objection to the Report insofar as it concluded that the issue was adequately preserved. On August 26, 2005 (pursuant to an extension of time granted by this Court), Garvey filed his objections to the Magistrate's determination on the merits.

Having reviewed de novo the aspects of the Report to which the parties object, the Court concludes that neither parties' objections are meritorious. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). The Court adopts the Report and, as recommended, the petition is hereby dismissed.

**Analysis**

**1. Preservation**

Respondents argue that Garvey's claim concerning the applicability of United States v. Wade, 388 U.S. 218 (1967) and its progeny "to civilian-arranged identification procedures" was un-preserved because it was raised the first time on appeal. Respondents' Objections to Magistrate's Report and Recommendation ("Respondents' Obj.") at ¶2. (The Wade jurisprudence requires that identification procedures either not be unduly suggestive or bear other indicia of reliability. See Dunnigan v Keane, 137 F.3d 117,

2

128-130 (2d Cir. 1998).)  Judge Fox determined that the claim was preserved because "New York state courts have held consistently that 'an issue of law is preserved even if it is not specifically raised by the defendant so long as the trial court expressly rules on the issue following an earlier objection,'" Report at 8 quoting Cotto v. Herbert, 331 F.3d 217, 244 (2d Cir. 2003).  The state trial judge expressly found that

> No suggestive acts occurred by the police department.  The holding of the defendant initially was by a private citizen and when the officer was investigating it, another privates citizen approached him and said that she was a witness to complaint of a burglary occurring shortly before in her premises.

Aff. of John W. Berry, Exhibit F at 38.

However, this Court need not even consider whether or not the ruling by the trial court adequately preserved the claim of the applicability of Wade analysis to civilian-arranged identification procedures.  Garvey's preservation of the issue of "civilian-arranged identification procedures" is, frankly, irrelevant (and this is the only issue to which the respondents object).  Garvey clearly preserved the issues of whether the identification was sufficiently reliable or had been obtained under unduly suggestive circumstances. See Aff. of John W. Berry, Exhibit C, at ii (brief to Appellate Division arguing that "[t]he identification of Mr. Garvey should have been suppressed because it was made under inherently suggestive circumstances"); Aff. of John W. Berry, Exhibit F, at 36-37 (objection at suppression hearing to "suggestive" procedure and

3

instruction by trial court to "[r]est on the record").

The Court reads the determination that "no suggestiveness occurred" to be the state trial court's holding on the matter. Whether or not the state trial court's statement that "[n]o suggestive acts occurred by the police department" was an alternative holding, or merely a subsidiary finding, is irrelevant because the issue of suggestiveness and reliability generally is dispositive and this issue was obviously preserved. For essentially the reasons stated in the Report, rejection of this claim as un-preserved was clearly error under New York law. See Report at 5-10. It was thus not an adequate ground for decision under state law, id., and the Appellate Division's alternative ruling on the merits is what the Court now reviews.

**2. Suggestiveness**

Garvey objects to the Report insofar as it "did not specifically examine or acknowledge the undue suggestiveness that significantly distorted Violet McKenzie's identification." Petitioner's Objection to Magistrate's Report and Recommendation ("Petitioner's Obj.") at 2. Garvey argues that Neil v. Biggers, 409 U.S. 188 (1972), requires a reviewing court to perform a two-step inquiry in evaluating the admissibility of identification evidence: 1) whether the circumstances surrounding the pre-trial identification were unduly suggestive and 2) whether the evidence was reliable under the totality of the circumstances. Petitioner's Obj. at 2. Garvey

4

objects that the Report does not "undergo the first prong of this inquiry at all." Id.

Indeed, the Report does not discuss the suggestiveness in detail, but this is not error. The "first prong" of Biggers is clearly a threshold inquiry. See id. at 199 (having determined that identification was "suggestive," Court "turn[ed] then. . . to whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive.") Unless the circumstances surrounding the identification were unduly suggestive, the Report would not have needed to reach the second inquiry at all. See, e.g., Dunnigan v. Keane, 137 F.3d 117, 128 (2d Cir. 1998) ("If the pretrial procedures were impermissibly suggestive, due process requires that the identification testimony be excluded unless a threshold level of reliability can be established through evidence that is independent of the suggestive procedure." (emphasis added)); Brayboy v. Scully, 695 F.2d 62, 65 (2d Cir. 1982) ("Since the identification procedure was not impermissibly suggestive, the issue of the reliability of [the identification] is not before us.")

Clearly, the identification of Mr. Garvey was suggestive. The Report assumes as much and correctly moves to the second stage of the inquiry. Moreover, under AEDPA it is this Court's task to review the ruling of the highest state Court to have considered Garvey's claims. Cotto, 331 F.3d at 230-32. The Appellate Division did not conclude that the identification was not unduly suggestive, but instead

concluded that admission of the identification evidence was not reversible error because "the identification was sufficiently reliable under all the circumstances." People v. Garvey, 278 A.D.2d 74, 74, 717 N.Y.S.2d 181, 181 (1st Dep't 2000). It is this conclusion that this Court must examine and determine whether it was contrary to, or involved an unreasonable application of federal law, as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000). The appropriate focus for the Report is therefore the reliability of the identification under the totality of the circumstances.[1]

**3) The reliability of the identification under the totality of the Circumstances**

Garvey also argues that the Report incorrectly applies the

---

[1] Garvey's challenge to the Report on the ground that the applicability of the Wade and Biggers jurisprudence to civilian identification procedures is well-established law is similarly misplaced. See Petitioner's Obj. at 10-13. The highest New York court to have considered Garvey's claim did not rely on the applicability or inapplicability of that jurisprudence to civilian identifications. (Indeed it did not consider the issue.) Despite having found a procedural bar to its considering the issue of whether or not Wade jurisprudence applied to civilian procedures, the Appellate Division considered the merits of Garvey's claim that admission of the identification materials violated due process. Garvey, 278 A.D.2d at 74. The Appellate Division concluded that admission of the identification evidence was not reversible error because "the identification was sufficiently reliable under all the circumstances." Id. If the Appellate Division's conclusion that the identification was sufficiently reliable was a reasonable one, then Garvey's petition must necessarily fail. Therefore, this Court need not reach the issue of whether or not the reliability requirements apply to civilian arranged identification procedures or whether such application is well-settled law.

second prong of the Biggers test.  Petitioner's Obj. at 3-9.  Biggers instructs that "the factors to be considered in evaluating the likelihood of misidentification include [i] the opportunity of the witness to view the criminal at the time of the crime, [ii] the witness' degree of attention, [iii] the accuracy of the witness' prior description of the criminal, [iv] the level of certainty demonstrated by the witness at the confrontation, [v] and the length of time between the crime and the confrontation."  Biggers, 409 U.S. at 199-200.

Garvey argues that the Report errs by failing to adequately address and weigh as part of the totality of the circumstances the third factor above.  Garvey emphasizes to the Court that McKenzie, immediately after the burglary, was unable to name the men who burgled her home or give any details about their descriptions beyond that they had been wearing "dark clothing."  Aff. of John Barry, Exhibit F at 344.  Garvey argues that this failure to describe the burglars renders her later identification unduly suspect.

For the proposition that a prior failure to identify a defendant might render infirm a later identification under suggestive circumstances, Garvey relies primarily on the Second Circuit's decision in Kennaugh v. Miller, 289 F.3d 36 (2d Cir. 2002).  In that case, the Circuit Court suggested (without holding) that a suggestive identification might not pass due process muster where the identifier had previously failed to identify a defendant in multiple photo arrays and a line-up.  Id. 46, 48.  McKenzie's failure to give a

7

meaningful description of the perpetrators immediately following the crime simply does not rise to the level of the early failures to identify in Kennaugh.

Garvey also cites Dickerson v. Fogg, 692 F.2d 238 (2d Cir. 1982) for the proposition that a witness's "inability to provide a minimally detailed description when he talked with the police plainly devalues his description as a factor demonstrating the reliability of his identification." Id. at 245-46. Here, the Report in no way credits McKenzie's limited description as bolstering her identification of Garvey. Rather, in finding the identification sufficiently reliable, the Report relies on the evidence that:

> (a) McKenzie had a clear opportunity to observe Garvey at the time of the crime; (b) she was not a casual or inattentive observer, as she descended the stairs for the specific purpose of investigating the loud noise she had heard; (c) after turning on the downstairs lights, McKenzie had a clear, unobstructed view of the second burglar as he was trying to escape through McKenzie's front door; (d) McKenzie also observed the second burglar's face again, a few moments later, from a bedroom window, as he looked back repeatedly toward McKenzie's house while fleeing; (e) McKenzie expressed certainty that Garvey was the burglar she saw fleeing her home; (f) it was just a few hours after the burglary that McKenzie told [the police] that Garvey was one of the burglars and was wearing the same clothes that one of the burglars had worn.

Report at 12.

Garvey argues that McKenzie's failure to describe the burglars to the police also undercuts McKenzie's claimed level of certainty. However, unlike the cases cited by Garvey, McKenzie did not waiver in her ability to identify Garvey--she did not fail to identify him once, United States v. Emmanuelle, 51 F.3d 1123, 1127 (3d Cir. 1995),

8

nor become increasingly certain he was the perpetrator after multiple "suggestive police procedures," Solomon v. Smith, 645 F.2d 1179, 1185-87 (2d Cir. 1981). McKenzie was quite certain that Garvey was the burglar the first time she saw him after the crime; admittedly, the circumstances were suggestive, but if that were dispositive, then the certainty of the identification would not be a relevant factor under Biggers at all.

The Court agrees that McKenzie's inability to describe the burglars weighs against finding her later identification sufficiently reliable. However, McKenzie's inability to clearly describe Garvey immediately following the crime does not automatically render her later identification of him unreliable--it is simply one of several Biggers factors to be weighed. If the Court were to weigh the Biggers factors as Garvey urges, the ability of a witness to describe a suspect to the police prior to the identification would be dispositive. However, Biggers clearly contemplates a totality of the circumstances test. The Court is satisfied that the Report adequately weighs the various Biggers factors. In any event, the determination of the Appellate Division that the identification was reliable under the totality of the circumstances, cannot be said to be an unreasonable application of the law. Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000).

**Conclusion**

The Court has reviewed Garvey's objections carefully, and has

conducted a <u>de</u> <u>novo</u> review of the record and the legal issues presented. The Court finds the Report thorough and well-reasoned. Accordingly, the Court adopts the Report, in full.

For the foregoing reasons, the habeas petition is hereby DISMISSED.

SO ORDERED.

Dated:   New York, New York
         September 21, 2005

_____
Kimba M. Wood
United States District Judge